# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05cr32-1-V

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JASON VANCE PLEMMONS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant Jason Vance Plemmons's pro se Motion to Modify Restitution Order (Document #168), filed October 14, 2008, and the Government's Response (Document #169), filed November 20, 2008. This matter is now ripe for disposition.

Plemmons was tried by jury and found guilty of conspiracy to possess with intent to distribute methamphetamine, possession of pseudoephedrine with the intent to manufacture methamphetamine, and using and carrying a firearm in relation to a drug trafficking crime. On January 29, 2007, judgment was entered against Plemmons. Plemmons was sentenced to a total of 248 months in prison, assessed $300, and held jointly and severally liable with his co-defendants for the payment of restitution in the amount of $5,983.84. Payment of restitution was ordered to begin immediately, and the Court recommended that Plemmons participate in the Inmate Financial Responsibility Program ("IFRP").

Plemmons is currently incarcerated at F.C.I. Elkton, where he is enrolled in the IFRP. In his motion, Plemmons states that the $25.00 per quarter restitution payments mandated by the IFRP are a hardship because they are not always covered by his prison wages. As a result, Plemmons claims he must sometimes cover the shortfall with money placed into his inmate trust account by his family.

1

Plemmons asks the court to order his IFRP team to consider only the wages Plemmons earns at his prison job for purposes of calculating his payment schedule. Plemmons further asks the court to order the Bureau of Prisons ("BOP") to continue providing Plemmons with the benefits of IFRP participation while allowing him to avoid the required payments. Finally, Plemmons requests that the court amend the judgment in this case by terminating joint and several liability and instead holding him individually liable for one-fifth of the total restitution owed.

Plemmons contends that the IFRP is an improper delegation of this court's authority to set a restitution payment schedule. Although it is true that a district court may not delegate the authority to establish the amount and timing of restitution payments to the BOP, United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996), in the present case this court did set the amount and timing of restitution by ordering immediate payment. United States v. Caudle, 261 Fed. Appx. 501, 503-04 (4th Cir. 2008) (unpublished). In most cases, this directive does not require immediate payment in full. Instead, the defendant must only make payment to the extent that he can do so in good faith. McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999). Since "nonjudicial officers may perform tasks in support of judicial functions 'as long as a judicial officer retains and exercises ultimate responsibility,'" nothing prevents the BOP from "ensuring pursuant to the IFRP that [a defendant] make good-faith progress toward satisfying his court-ordered obligations." Id. (quoting Miller, 77 F.3d at 77). For this reason, "participation in the IFRP does not violate Miller." Caudle, 261 Fed. Appx. at 504.

This court notes that Plemmons's participation in the IFRP is voluntary. Plemmons chose to enter the program, and he may opt-out at any time. Although failure to participate in the IFRP will result in the loss of benefits, Plemmons is not entitled to these benefits, and he is not entitled to have

them continue. Additionally, Plemmons's payment obligation is not particularly burdensome. The $25.00 per quarter Plemmons contributes is both the standard payment and the threshold amount required for participation in the IFRP. 28 C.F.R. § 545.11(b)(1). After reviewing Plemmons's Inmate Statements, this court finds that the $25.00 per quarter payment is reasonable.

Other than his arguments, Plemmons advances no evidence indicating a material change in circumstances that would warrant an amendment of the judgment against him. See 18 U.S.C. § 3664(o). Nor is there merit in his other requests. Therefore, Plemmons's request for a court ordered reduction of his quarterly IFRP payments is DENIED. To the extent that Plemmons is seeking a court order mandating a continuance of IFRP benefits upon his failure to make payments according to his IFRP plan, that request is also DENIED. Likewise, Plemmons's request for a modification of the judgment in his case that would abolish joint and several liability for the full restitution amount is DENIED.

**WHEREFORE, IT IS HEREBY ORDERED** that Plemmons's Motion to Modify Restitution Order is **DENIED**.

Signed: December 2, 2008

Richard L. Voorhees
United States District Judge