# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:05cr32-1-V

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jason Vance Plemmons, ) | |
|         Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Jason Vance Plemmons's pro se Motion for Extension of Time to File Appeal, filed May 27, 2008 (Document #166), and Defendant's additional pro se Motion for Extension of Time to File Notice of Appeal Out of Time, filed August 29, 2008 (Document #167).

Defendant was indicted on April 25, 2005 and charged with conspiracy to possess with intent to distribute methamphetamine, possession of pseudoephedrine with the intent to manufacture methamphetamine, and using and carrying a firearm in relation to a drug trafficking crime. On May 11, 2006, a jury found Defendant guilty on all counts. Defendant was sentenced before this court and Judgment was entered on January 29, 2007.

Defendant now files these motions alleging ineffective assistance of counsel for failure to file an appeal as requested. In his second motion, Defendant gives this court permission to construe the motion as a § 2255 motion, and this court will do so. Under these circumstances, there is no recharacterization of Defendant's motion and this court need not give Defendant notice pursuant to the decisions in United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008) and United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002).

1

However, this court does notify Defendant that the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 to add a one-year limitation period. In relevant part, § 2255 now provides that "[t]he limitation period shall run from the latest of: (1) the date on which the judgment of conviction becomes final . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[1] 28 U.S.C. § 2255(f).

Defendant's judgment became final on January 29, 2007, when the Judgment was filed by the Court. Therefore, the limitations period for filing a § 2255 motion under § 2255(f)(1) expired on January 29, 2008. However, there is evidence in Defendant's letter indicating that he was not immediately aware of counsel's failure to file an appeal. Defendant states that counsel gave Defendant and his family assurances that an appeal would be filed and that counsel subsequently failed to respond to Defendant's inquiries concerning his appeal. If true, then Defendant's claim may have been timely filed under § 2255(f)(4). Even if Defendant's § 2255 motion is untimely filed, the Fourth Circuit has found in such cases that the district court must offer the defendant an opportunity to explain why an apparently untimely § 2255 motion is subject to some exception. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). Therefore, this Court will permit Defendant, if he chooses, to offer further explanation as to why his § 2255 motion is timely filed under § 2255(f)(4) or as to why his motion is otherwise subject to an exception to the limitations period.

**WHEREFORE, it is hereby ORDERED that:**

1. The Clerk is directed to treat this motion as a motion to vacate, set aside, or correct

---

[1] The methods for determining commencement of the limitations period as described in §§ 2255(f)(2) and 2255(f)(3) are inapplicable in the present case.

2

sentence pursuant to § 2255 and to file a copy of this order within the civil case number assigned; and

2. The Clerk is directed to include a standard § 2255 petition when sending this order to Petitioner; and

3. Petitioner is notified that he has until March 6, 2009 to supplement his current motion.


Signed: January 22, 2009

Richard L. Voorhees
United States District Judge