```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                     5:09CV8-02-V
                     (5:05CR32-V)
```

| | |
|---|---|
| JASON VANCE PLEMMONS,      ) | |
|     Petitioner,      ) | |
|                            ) | |
|     v.             ) | **O R D E R** |
|                            ) | |
| UNITED STATES OF AMERICA,  ) | |
|     Respondent.    ) | |
| _____ ) | |

**THIS MATTER** is before this Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed August 29, 2008, amended February 20, 2009 (document # 1). For the reasons stated herein, Petitioner's Motion will be <u>dismissed</u> as time-barred.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

According to the record of Petitioner's underlying criminal case, on April 5, 2005, he was charged (along with four other individuals) with conspiracy to manufacture and possess with intent to distribute a mixture of 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One); he was charged with possession of two of the chemicals used to manufacture methamphetamine and aiding and abetting that offense, in violation of 21 U.S.C. § 841(c) and 18 U.S.C. § 2 (Count Three); and he was charged with using and carrying a firearm during and in relation to a drug trafficking crime and

possessing that firearm in furtherance of such drug trafficking crime, and aiding and abetting that offense, all in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four). (Case No. 5:05CR32-1, document # 1). After being arraigned on the subject charges, Petitioner entered "not guilty" pleas and requested a jury trial.

On May 2, 2006, the Government filed a Notice pursuant to 21 U.S.C. § 851 advising that Petitioner previously had sustained a felony drug conviction. (Case No. 5:05CR32-1, document # 98). Consequently, the Government announced that in the event Petitioner were convicted on either of the two pending drug charges, it would seek an enhanced sentence for him.

On May 10, 2006, Petitioner's jury trial was commenced. On May 11, 2006, Petitioner made two oral Motions for Acquittal, however each was denied by the Court. Thereafter, the jury returned a verdict of "guilty" on all three of the charges Petitioner was facing, and further determined that Count One had involved 500 grams or more of a mixture of methamphetamine. (Case No. 5:05CR32-1, document # 107, filed May 11, 2006).

On January 16, 2007, the Court conducted Petitioner's Sentencing Hearing on which occasion it was determined that his Offense Level was 35, his Criminal History Category was II, his recommended range of imprisonment under the Sentencing Guidelines was 188 to 235 months for Counts One and Three, and his statutory mandatory minimum sentence for Count Four was a consecutive term

of 60 months imprisonment. (Case No. 5:05CR32-1, document # 134: Statement of Reasons). After hearing from counsel for the parties, the Court sentenced Petitioner to combined term of 188 months imprisonment on Counts One and Three and to a consecutive term of 60 months on Count Four, for a total of 248 months imprisonment. (Case No. 5:05CR32-1, document # 133: Judgment in a Criminal Case). The Court's Judgment was filed on January 29, 2007.

Petitioner did not directly appeal either his convictions or sentences. Rather, on May 27, 2008, Petitioner filed a letter reporting that he repeatedly had asked his attorney to file an appeal and counsel twice promised to honor those requests. (Case No. 5:05CR32-1, document # 166). However, the letter further reported that Petitioner never received any information from counsel concerning the status or result of that appeal, and that Petitioner also was unsuccessful in his numerous attempts to make contact with his former attorney.

Then, on August 29, 2008, Petitioner filed a document captioned as a "Motion To File Notice Of Appeal Out Of Time As A Result Of Ineffective Assistance Of Counsel And Excusable Neglect." (Case No. 5:05CR32-1, document # 167). Petitioner's Motion reiterated his claims that he advised his attorney of his desire for an appeal on more than one occasion; that counsel assured Petitioner that he would file the appeal; and that during

3

the months following his sentencing, he "regularly correspond[ed] with his attorney asking for updates and status reports and general assurance of his attorney's strategies," but never got any response.  The Motion further asserted, in part, Petitioner's reported beliefs that his appeal was progressing during that time, and had no reason to feel that there was anything wrong; and that it was not until he secured a copy of his docket sheet that he learned that counsel had not appealed his case.  As a result, Petitioner's Motion asked the Court to find "excusable neglect" and allow him to file an out-of-time appeal on the basis of either his attorney's misrepresentations concerning his intention to appeal the case, or because his attorney allegedly refused to file the subject appeal in the first place.

In the alternative, Petitioner's Motion asked the Court to construe that document as a motion to vacate under 28 U.S.C. § 2255 based upon counsel's alleged failure to honor his request for a direct appeal.  Although Petitioner recognized that his motion to vacate might be construed as untimely filed, he asked the Court to find that he had exercised due diligence in discovering counsel's deception and, presumably, to conclude that such motion to vacate was filed within one year of his discovery of the basis for such motion.

Consequently, on January 23, 2009, the undersigned entered an Order granting Petitioner's request that his Motion for

Extension of Time be construed as a motion to vacate under § 2255, and giving Petitioner additional time to file a document explaining why his motion should be construed as timely filed. (Case No. 5:05CR32-1, document # 172). The Clerk of Court then filed Petitioner's motion to vacate under civil number 5:09CV8 (document # 1).

On February 20, 2009, Petitioner filed amendments to his motion to vacate in the form of a Supplement and a form-Motion to Vacate. By those amendments, Petitioner presses his claim that counsel was ineffective due to his alleged failure to honor Petitioner's request for an appeal. In support of his claim, Petitioner continues his assertions that he told counsel that he wanted an appeal; and that following Petitioner's sentencing hearing, counsel promised to file an appeal on more than one occasion.

However, unlike Petitioner's earlier assertions -- that his numerous attempts to correspond with his attorney were ignored -- the instant amendments now report that Petitioner also made "calls to his attorney. . . ," and those calls "reinforced [Petitioner's] belief that indeed the appeal was being filed on his behalf . . . ." Therefore, Petitioner claims he "had no reason to believe that his attorney had abandoned him and [] no reason to file the instant petition, at least not until he discovered the abandonment alleged herein."

In any case, Petitioner asserts this Court should vacate and re-enter its Judgment so that he timely can appeal his criminal case to the Fourth Circuit Court of Appeals. Notwithstanding whether or not Petitioner's claim has any merit, it is apparent to this Court that the instant Motion to Vacate is time-barred.

## II. **ANALYSIS**

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

As was noted on Petitioner's form-Motion to Vacate, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction
    becomes final;

    (2) the date on which the impediment to making a motion

created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As this Court's Order of January 23, 2009 advised Petitioner, his convictions for the drug and firearm offenses became final on January 29, 2007, that is, when the Court filed its Judgment. Thus, Petitioner had up to January 29, 2008, in which to file the instant Motion to Vacate. Obviously, he did <u>not</u> file his Motion by that date. Rather, as Petitioner concedes in his Supplement (document # 3), "[s]ixteen months expired between [his] January 29, 2007 sentencing and his May 27, 2008 filing for an extension of time to file a Notice of Appeal."

Furthermore, Petitioner properly recognized that his motion to vacate likely would be construed as time-barred. Indeed, Petitioner began his attempt to establish that his delay should be excused in that May 2008 letter-motion by contending, pursuant to subsection (4) above, that he has filed his motion to vacate within one year of his discovery that his attorney had failed to honor his request for an appeal. However, this Court's careful review of Petitioner's pleadings reveal that his efforts have fallen short of establishing an excuse for his delay.

7

To be sure, it has not escaped the Court's attention that although Petitioner claims he repeatedly wrote to and called his attorney, he conveniently has omitted any reference to the dates on which he allegedly made those attempts to contact counsel. Similarly, despite having been given the opportunity to do so, Petitioner also failed to provide the Court with copies of the correspondence which he reportedly sent to his attorney. Such omissions are highly suspicious inasmuch as Petitioner's allegations tend to show that he knew or should have known the importance of this information in his efforts to have the delayed filing of his Motion to Vacate excused.

Second, turning back to his pleadings, although Petitioner asserts that his attorney assured him that he would file an appeal, he further asserts that his attorney never provided him with any information regarding an appeal, counsel refused his calls, and counsel even repeatedly refused to answer his correspondence. Consequently, Petitioner's own representations show that he actually had every reason to question whether counsel was keeping his promises concerning the appeal.

That is, Petitioner's own representations make clear that he had more than ample reason sooner to take action to inquire with the Court about the status of an appeal. The facts which he alleges tend to establish that it was unreasonable for Petitioner to wait more than one year to inquire about the status of his

appeal. In sum, Petitioner has failed to establish that he exercised due diligence in discovering the basis for his claim of ineffective assistance of counsel; therefore, subsection (4) cannot provide a basis for tolling the one-year limitations period.

Moreover, while it is well-settled that courts have the authority to toll the limitations period on equitable grounds, Petitioner also has failed to show that he is entitled to application of those principles. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (noting that equitable tolling generally is available only where petitioner was prevented from asserting claims by wrongful conduct of the government, or where extraordinary circumstances beyond petitioner's control made it impossible to file claims in timely manner.). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (discussing the requirements for equitable tolling); and Rouse v. Lee, 339 F.3d 238, 246-47 (4th Cir. 2003)(en banc)(rejecting argument that a petitioner's limitations period could be equitably tolled due to counsel's "slight miscalculation" of his filing deadline.). Therefore, Petitioner's Motion to Vacate must be summarily dismissed as time-barred.

### III. CONCLUSION

The AEDPA requires, among other things, that petitioners seeking to bring motions to vacate under 28 U.S.C. §2255 do so

9

within the time limitations prescribed by that statute. Here, Petitioner has failed to meet that requirement, and he has failed to establish any basis for excusing his 16-month delay. Accordingly, Petitioner's motion to vacate must be <u>dismissed</u> as time-barred.

## IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: March 13, 2009

Richard L. Voorhees
United States District Judge